**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John Doe | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No.  2:22-cv-402 |
| United States Dept. of Transportation | § | |
| 1200 New Jersey Avenue SE | § | COMPLAINT |
| Washington, DC 20590 | § | |
| | § | |
| Peter P. Buttigieg, U.S. Dept. of Transportation | § | |
| 1200 New Jersey Avenue SE | § | |
| Washington, DC 20590 | § | |
| | § | |
| Blane A. Workie, U.S. Dept. of Transportation | § | |
| 1200 New Jersey Avenue SE | § | |
| Washington, DC 20590 | § | |
| | § | |
| Centers for Disease Control & Prevention | § | |
| 1600 Clifton Road NE | § | |
| Atlanta, Georgia 30333 | § | |
| | § | |
| Rochelle Walensky, CDC | § | |
| 1600 Clifton Road NE | § | |
| Atlanta, Georgia 30333 | § | |
| | § | |
| United States Dept. of Health & Human Services | § | |
| 200 Independence Ave SW | § | |
| Washington, DC 20201 | § | |
| | § | |
| Xavier Becerra, U.S. Dept. of HHS | § | |
| 200 Independence Ave SW | § | |
| Washington, DC 20201 | § | |
| | § | |
| *Defendants*. | § | |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM
### WITH INCORPORATED MEMORANDUM IN SUPPORT

Plaintiff requests this Court's leave to proceed under a pseudonym ("John Doe"). Plaintiff moves that the Court order his name, signature, address, contact information, and other personally identifiable information be redacted and/or replaced with "John Doe" in public records of this case. Plaintiff also moves the Court to order Defendants and their employees to maintain the confidentiality of Plaintiff's identity. Plaintiff notes that his name, signature, and contact information have already appeared on initial filings with the court and requests that these be redacted and/or replaced with "John Doe" when they are made available to the public.

### **MEMORANDUM OF LAW IN SUPPORT**
### INTRODUCTION

1. Plaintiff's complaint charges that the mask mandate ordered by Defendants unlawfully discriminates against persons with disabilities. Plaintiff's disability is of a psychiatric nature. Plaintiff's disability/mental illness is highly sensitive and intensely personal to him, as the symptoms and challenges it presents him are unique and may not make sense to the average person.

2. Plaintiff is concerned that the proceedings may require him to disclose sensitive personal and medical information regarding his psychological state. Plaintiff has only revealed his diagnosis to a select group of family, friends, and work supervisors. The group of people to whom he has revealed specifics about his symptoms is even smaller.

3. Plaintiff is concerned that given the unusually heated nature of debates around mask mandates and COVID-19 policies generally in the United States, both he and any

physicians whose names may be exposed during the course of litigation may be subject to unwarranted scrutiny and harassment from the general public. The practice of "doxxing", whereby individuals on the internet spend their time trying to find the identities of persons involved in cases of great public interest and publish them so they can be harassed, is a particular threat here.

4. Plaintiff is concerned that the physicians involved on both sides of the controversy – both his personal physicians and those contracted by the airlines – may be subjected to unwarranted scrutiny, including unjustified complaints to professional licensing boards and devastating negative reviews on the internet. Plaintiff is concerned that if his identity is published, the names of the physicians may be found by connection to him, or revealed during the course of the case, even if intentionally or inadvertently, and they may be subject to unjust professional persecution.

## ARGUMENT IN SUPPORT

5. It is well-established that courts have discretion to permit parties to proceed under pseudonym when special circumstances justify privacy. Courts allow pseudonyms when "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

6. This precedent includes mental health conditions specifically because the "public has an interest in preventing the stigmatization of litigants with mental illness[, and] plaintiff's identity should be protected in order to avoid deterring people with mental illness from suing to vindicate their rights." *Doe v. Unum Life Insurance Co. of America*, citing *Doe v. Provident Life*, 176 F.R.D. 464 (E.D. Pa. 1997). This includes district courts in this

judicial circuit, which have consistently allowed plaintiffs in cases involving details of mental illness to proceed using pseudonyms. *Justice or Mental Health . . . Should Litigants Have to Choose? Mental Health as a Reason to Proceed Anonymously*, 44 Indiana Law Review 615 (2011).

7. Considerations of mental illness and mental health harms are not the only substantial reason justifying proceeding pseudonymously here. Courts have recognized the "substantial public controversy" surrounding COVID-19 mandates and policies as a factor justifying pseudonyms in cases related to COVID-19 policies. *Does v. Mills*, 1:21-cv-00242-JDL (D. Me. Sep. 2, 2021). In the *Doe v. Mills* case, the plaintiffs' identities were protected throughout the proceedings all the way up to the Supreme Court.

8. There is little or no reason to disclose Plaintiff's identity in this case. "When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants." *Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 468 (E.D.Pa. 1977). As courts have found, "the issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities." *Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist*., No. 2:12-cv-1406, 2013 WL 2296075, *2 (W.D. Pa. May 24, 2013). Indeed, "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegal,* 653 F.2d 180, 185 (5th Cir. 1981).

9. Finally, Defendants are United States government agencies and persons sued in their official capacity, and will not be prejudiced by Plaintiff's use of a pseudonym in

publicly-released documents. As previously stated, Plaintiff has no objection to Defendants knowing his identity.

10. Courts have found that when suing the government, "the plaintiff's interest in proceeding anonymously is considered particularly strong…In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *Does v. City of Indianapolis*, 1:06-cv-865-RLY-WTL (S.D. Ind. Aug. 7, 2006). This is certainly true here, as Plaintiff represents a minority interest (persons with disabilities) which is be subject to stigmatization (certainly true for persons with mental health disorders).

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to proceed in this matter under a pseudonym;
2. Ordering that Defendant shall not publicly disclose Plaintiff's name or personally identifying information;
3. Ordering that Plaintiff's name, address, contact information, and signature be redacted and/or replaced with "John Doe" in all publicly released/published documents and records where they have already appeared, or may appear in documents not yet filed.

A proposed order follows.

Respectfully submitted,

<u>/s/ John Doe</u>
*Pro Se* Plaintiff