IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) 2:22-CV-00402-WSS-CRE |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPT. OF TRANSPORTATION, PETER P. BUTTIGIEG, U.S. DEPT. OF TRANSPORTATION; BLANE A. WORKIE, U.S. DEPT. OF TRANSPORTATION;  CENTERS FOR DISEASE CONTROL & PREVENTION, ROCHELLE WALENSKY, CDC;  UNITED STATES DEPT. OF HEALTH & HUMAN SERVICES, XAVIER BECERRA, U.S. DEPT. OF HHS; | ) |
| | ) |
| Defendants, | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     Background**

On March 4, 2022, *pro se* Plaintiff initiated a Complaint under the pseudonym "John Doe" against Defendants Xavier Becerra, Peter P. Buttigieg, Centers for Disease Control & Prevention, the United States Department of Health & Human Services, the United States Department of Transportation, Rochelle Walensky, and Blane A. Workey. (ECF No. 1).  In the Complaint, "Plaintiff challenges the lawfulness of Defendants' mandate requiring people to wear masks while on commercial airlines, conveyances, and at transportation hubs with extremely limited and conditional exceptions for persons with disabilities (the "mask mandate")[.]" Compl. (ECF No. 1) at 1 (footnotes omitted).  Plaintiff seeks injunctive and declaratory relief for Defendants' purported violation of the Air Carrier Access Act, 49 U.S.C. § 41705.

1

Concurrently with the Complaint, Plaintiff filed a motion to proceed under a pseudonym, arguing, *inter alia*, that revealing his name "[m]ay require him to disclose sensitive personal and medical information regarding his psychological state." Pl.'s Br. (ECF No. 2) at ¶ 2.  Defendants have filed a brief in response. (ECF No. 27).

For the reasons discussed below, this Court denies Plaintiff's motion.

**II.     Discussion**

Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id*.  "A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Id*.

"While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. " *Id*.  In *Megless*, the Third Circuit endorsed a non-exhaustive list of nine factors a District Court should consider in determining whether a party may proceed anonymously.

The factors in favor of anonymity included:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

On the other side of the scale, factors disfavoring anonymity included:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409 (internal quotations marks and citations omitted). This Court will consider each of these factors.

   A. *Factor 1: "the extent to which the identity of the litigant has been kept confidential"*

As to this factor, Plaintiff, who is appearing *pro se*, acknowledges that "his name, signature, and contact information have already appeared on initial filings with the court." Pl.'s Br. (ECF No. 2) at 1. Because Plaintiff's information is currently not confidential, this factor weighs against anonymity.

   B. *Factor 2: "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases"*

Here, Plaintiff points out that he "is concerned that the proceedings may require him to disclose sensitive personal and medical information regarding his psychological state."[1] Pl.'s Br. (ECF No. 2) at ¶ 2. In addition, "Plaintiff is concerned that given the unusually heated nature of debates around mask mandates and COVID-19 policies [], both he and any physicians whose names may be exposed during the course of litigation may be subject to unwarranted scrutiny and harassment from the general public." *Id*. at ¶ 3. Specifically, Plaintiff points to the practice of "doxxing." *Id*.

However, as Defendants point out, these fears are speculative, and Plaintiff has not pointed to any specific threats faced by the many others who have filed COVID-19 or mask mandate

---

[1] Because Plaintiff uses the gender-identifying pronoun "him" throughout his brief, this Court will use it as well.

related lawsuits. Defs.' Br. (ECF No. 27) at 4.  Moreover, it is not clear at this juncture why Plaintiff might have to disclose such sensitive information, and even if he does, the Court may still grant specific requests to redact such information should that occur. "That a plaintiff may suffer embarrassment or economic harm is not enough. Instead, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Middlesex County, New Jersey*, 2021 WL 130480, at *2 (D.N.J. Jan. 14, 2021). Thus, although Plaintiff clearly has fears, this Court concludes that such fears have not been substantiated, and nothing in this ruling would preclude Plaintiff from requesting redaction in the future.  Accordingly, this factor weighs against anonymity.

> C. *Factor 3: "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity"*

Plaintiff does not specifically address this next factor, but as Defendants point out, there are numerous challenges to the mask mandate pending in various jurisdictions, and the plaintiffs in those cases are not anonymous.  Defs' Br. (ECF No. 27) at 5.  In fact, the plaintiffs involved in the recent District Court decision invalidating the mask mandate, which has received national attention, utilized their real names. *See Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022) (identifying plaintiffs Ana Carolina Daza and Sarah Pope).  Thus, this factor weighs against anonymity.

> D. *Factor 4: "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities"*

4

As to this factor, both Plaintiff and Defendants agree that the issues in this case are primarily legal.[2] Pl's. Br. (ECF No. 2) at ¶ 8; Defs.' Br. (ECF No. 27) at 5. Therefore, this factor favors anonymity as asserted by Plaintiff.

> E. *Factor 5: "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified"*

Plaintiff has not asserted that he will abandon this lawsuit should he be required to disclose his identity; thus, this factor weighs against anonymity.

> F. *Factor 6: "whether the party seeking to sue pseudonymously has illegitimate ulterior motives"*

Here, Defendants have not pointed out any "illegitimate ulterior motives" of Plaintiff; thus, this factor weighs in favor of anonymity.

> G. *Factors 7 and 8: "the universal level of public interest in access to the identities of litigants" and "interest in knowing the litigant's identities" beyond typical public interest*

Defendants contend that "because Defendants are government officials and agencies," these factors weigh against anonymity. Defs.' Br. (ECF No. 27) at 6.  It is Plaintiff's position that when individuals sue the government, there is a strong interest in anonymity where a plaintiff represents a minority interest. Pl.'s Br. (ECF No. 2) at ¶ 10.  However, as Defendants point out, in the Third Circuit, there is a principle that interest in the identities of litigants "is heightened because Defendants are public officials and government bodies." *Megless*, 654 F.3d at 411.  Accordingly, these factors weigh against permitting Plaintiff to proceed anonymously.

> H. *Factor 9: "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated"*

---

[2] This Court accepts the parties' agreement for the purposes of this motion; however, there may be factual questions that arise at a procedural point in this litigation.

There is no indication that Defendants' opposition to Plaintiff's proceeding anonymously is illegitimately motivated. Thus, this factor weighs against anonymity.

### III.  Conclusion

As the Third Circuit has pointed out, "we must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings. There is universal public interest in access to the identities of litigants." *Megless*, 654 F.3d at 411.  The Third Circuit has also "noted [that] the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest." *Doe v. Coll. of New Jersey*, 997 F.3d 489, 496 (3d Cir. 2021).

While this Court concludes that two of the nine factors do weigh in Plaintiff's favor for permitting him to proceed utilizing a pseudonym, the other seven do not.  This imbalance demonstrates that this case is not one of those "exceptional cases" that overcomes the long-held presumption "that judicial proceedings, civil as well as criminal, are to be conducted in public." *Id*. at 408.  Plaintiff's interest in anonymity clearly does not outweigh the public interest in open judicial proceedings.

Accordingly, the motion to proceed anonymously (ECF No. 2) is hereby DENIED. Plaintiff is directed to file an Amended Complaint on or before May 16, 2022, to reflect his true identity.

DATED this 9th day of May, 2022.

                                          BY THE COURT:
                                          s/Cynthia Reed Eddy
                                          Chief United States Magistrate Judge

cc:    JOHN DOE
        724 Brady Avenue

Unit A
Stuebenville, OH 43952
(via U.S. First Class mail)

Ryan J. Wilk, Esq.
DOJ-USAO
(via ECF)