IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES DEPT. OF TRANSPORTATION, PETER P. BUTTIGIEG, U.S. DEPT. OF TRANSPORTATION; BLANE A. WORKIE, U.S. DEPT. OF TRANSPORTATION; CENTERS FOR DISEASE CONTROL & PREVENTION, ROCHELLE WALENSKY, CDC; UNITED STATES DEPT. OF HEALTH & HUMAN SERVICES, XAVIER BECERRA, U.S. DEPT. OF HHS, | § § § § § § § § § § § § | CIVIL ACTION NO. 22-402<br><br>(*Electronic Filing*) |
| *Defendants*. | § | |

## MOTION FOR RECONSIDERATION

COMES NOW Plaintiff John Doe to request reconsideration of the Court's order denying his motion to proceed under pseudonym (Dkt. No. 28).

## MEMORANDUM IN SUPPORT

### I. Legal Standard for Motion

The Federal Rules of Civil Procedure do not specifically provide a mechanism for motions for reconsideration, but such motions are generally permitted for interlocutory orders under one or more of the following rules: Rule 54(b), Rule 59(e), and Rule 60(b). *Cook v. Flight Servs. & Sys., Inc.* (E.D. La. Dec. 13, 2018). Indeed, this Court has recognized motions for

reconsideration. *Whitehead v. Wetzel*, 3:14-cv-00051 (W.D. Pa. Jan. 12, 2015). A district court "has the inherent power to reconsider prior interlocutory orders." *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016).

The moving party must show one of the following to succeed in a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff believes reasons 2 and 3 above are applicable here, and recognizes that the omissions and errors may be his own. In considering this motion, Plaintiff asks the Court to bear in mind that Plaintiff is not an attorney and regrets that his inexperience and lack of knowledge may have resulted in him failing to provide all useful and pertinent information to the Court in the original motion.

## II.    The Court's Order

The Court considered a nine-factor test in its order denying the motion to proceed under pseudonym. Without re-litigating the same arguments raised in the original motion, Plaintiff wishes to present new evidence which was not made known to the Court in the original motion.

### 1. *"The extent to which the identity of the litigant has been kept confidential"*

Plaintiff is well aware that certain pieces of his information are currently not confidential and is very apprehensive about this fact. It was not Plaintiff's intention to unnecessarily expose some of his information. Plaintiff regrets that his inexperience and improper filing of the case led to inadvertent exposure of such information. Plaintiff recognized at the time of filing that he would quite possibly cause his information to be exposed through inexperience, which is why the original motion was intended to retroactively apply to any such information which was exposed.

2. *"The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases"*

Plaintiff regrets his failure to substantiate reasonable fears of severe harm. Plaintiff appreciates the Court's note that it "may still grant specific requests to redact such [sensitive] information," but notes that the court's use of the word *may* does not assuage those fears. Plaintiff notes that the plaintiffs in the Florida case (*Health Freedom Defense Fund, et. al. v. Biden, et. al.*) have had sensitive personal medical details widely broadcasted in the media's reporting of the decision. Plaintiff also refers to the exhibits, which show just a few examples of the wide public exposure of the plaintiffs' medical information and the vitriol those plaintiffs have faced.

3. *"The magnitude of the public interest in maintaining the confidentiality of the litigant's identity"*

The Court states that "Plaintiff does not specifically address this next factor," but Plaintiff believes he did so when citing courts' recognition of the "substantial public controversy" surrounding COVID-19 mandates and policies as a factor justifying pseudonyms in cases related to COVID-19 policies. *Does v. Mills*, 1:21-cv-00242-JDL (D. Me. Sep. 2, 2021).

4. *"Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities"*

Since the parties agreed on this factor, Plaintiff will not address it further here.

5. *"The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified"*

Plaintiff regrets that he did not address this topic in the original motion. Plaintiff did not encounter this factor during his legal research and did not know it would be relevant.

Plaintiff does have sincere and serious misgivings about whether to continue the case if he is ordered to reveal his identity. Plaintiff recognizes that he is already out on a limb arguing a federal case as a non-attorney,[1] and not being able to do so under pseudonym may be too heavy a burden to bear. Plaintiff believes he raises credible legal arguments which are worthy of consideration, but is unsure if he can bear the consequences to him personally of continuing the case under his real name. Plaintiff has not made a final decision in this regard, but if Plaintiff is ordered to reveal his identity, he may instead seek a dismissal without prejudice.

6. *"Whether the party seeking to sue pseudonymously has illegitimate ulterior motives"*

    Since the parties agreed on this factor, Plaintiff will not address it further here.

7. and  8. *"The universal level of public interest in access to the identities of litigants" and "interest in knowing the litigant's identities" beyond typical public interest.*

    Plaintiff has nothing to add here which was not already argued in the original motion, so he will not restate those arguments here.

9. *"Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated".*

    Plaintiff has nothing to add on this factor.

**III.   Conclusion**

Plaintiff regrets that his inexperience as a non-attorney prevented the Court from understanding the full picture of the factors at play in the motion to proceed under pseudonym. Now that he has presented a fuller set of facts, Plaintiff respectfully requests that the motion for reconsideration be granted and the motion to proceed under pseudonym be granted.

---

[1] Filing *pro se* was not Plaintiff's first choice, but he cannot afford the extremely high costs of federal litigation and has been unable to find an attorney willing to take his case *pro bono*.

Respectfully submitted,

/s/ John Doe
Plaintiff