IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CV-00402-WSS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPT. OF TRANSPORTATION, PETER P. BUTTIGIEG, U.S. DEPT. OF TRANSPORTATION; BLANE A. WORKIE, U.S. DEPT. OF TRANSPORTATION;  CENTERS FOR DISEASE CONTROL & PREVENTION, ROCHELLE WALENSKY, CDC;  UNITED STATES DEPT. OF HEALTH & HUMAN SERVICES, XAVIER BECERRA, U.S. DEPT. OF HHS; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

**MEMORANDUM ORDER**

Presently before this Court is Plaintiff's motion for reconsideration (ECF No. 32) of this Court's order which denied his motion to proceed under a pseudonym (ECF No. 28).  Upon review, Plaintiff's motion for reconsideration is DENIED.

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)).  Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental,* 602 F.3d at 251 (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).  A motion

1

for reconsideration "addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D.Pa. 1993) (internal citation and quotation marks omitted). Further, a party cannot use a motion for reconsideration as a second bite at the apple; "a motion to reconsider may not raise new argument that could have (or should have) been made in support of or in opposition to the original motion." *R & B, Inc. v. Needa Part Mfg., Inc.*, CIV.A. 01-1234, 2005 WL 3054595, at *1 (E.D. Pa. Nov. 15, 2005).

Plaintiff argues that this motion for reconsideration should be granted due to "the availability of new evidence that was not available when the court issued its order" or "to correct a clear error of law or fact or to prevent a manifest injustice." Pl.'s Br. (ECF No. 32) at 2. However, Plaintiff points out that he "recognizes that the omissions and errors may be his own." *Id*. Defendants respond that Plaintiff "has not identified any evidence that was previously unavailable to him" and argue that he "is simply rehashing arguments that he already made and raising arguments that he could have raised – but admittedly failed to raise – in his original motion." Defs.' Br. (ECF No. 36) at 4.

As discussed in this Court's Memorandum, a Court must consider the nine-factor test set forth in *Doe. v. Megless*, 654 F.3d 404 (3d Cir. 2011), to determine whether the Court should permit a party to proceed using a pseudonym. Order (ECF No. 28) at 2. In the Court's Memorandum denying Plaintiff's motion to proceed using a pseudonym, this Court concluded that while two of the factors favored Plaintiff's position, the other seven did not. *Id*. at 6. Specifically, the Court concluded "that this case is not one of those 'exceptional cases' that overcomes the long-held presumption 'that judicial proceedings, civil as well as criminal, are to be conducted in

public.'" *Id*. (citing *Megless*, 654 F.3d. at 408).

In his motion for reconsideration, Plaintiff asks this Court to reconsider Factors 1, 2, 3, and 5. Pl.'s Br. (ECF No. 32) at 2-4. This Court will address each.

   A. *Factor 1: "the extent to which the identity of the litigant has been kept confidential"*

In denying Plaintiff's motion to proceed under a pseudonym, this Court concluded that "[b]ecause Plaintiff's information is currently not confidential, this factor weighs against anonymity." Order (ECF No. 28) at 3. Plaintiff now argues that he "regrets that his inexperience and improper filing of the case led to inadvertent disclosure of such information." Pl.'s Br. (ECF No. 32) at 2. While this Court is sensitive to Plaintiff's *pro se* status and lack of experience, neither inexperience nor regret provides grounds to reconsider this factor.

   B. *Factor 2: "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases"*

With respect to Plaintiff's fears regarding disclosure, this Court concluded "that such fears have not been substantiated, and nothing in this ruling would preclude Plaintiff from requesting redaction in the future." Order (ECF No. 28) at 4. In his Motion for Reconsideration, Plaintiff "regrets his failure to substantiate reasonable fears of severe harm." Pl.'s Br. (ECF No. 32) at 3. Plaintiff has attached to his motion three articles and one social media comment that he claims support his position to fear severe harm. *Id*. at Exhibits 1-4. However, even if these exhibits did support Plaintiff's position,[1] this information was available to Plaintiff prior to this Court's filing

---

[1] Plaintiff has attached three articles as Exhibits to his Motion for Reconsideration. *See* Exhibits (ECF No. 32-1, 32-2, 32-3). Exhibits 1 and 3 are articles published in April 2022, which include information about the plaintiffs in the *Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022) case, where a District Court held that the mask mandate was invalid. *See* Exhibits 1 and 3 (ECF. No 32-1, 32-3). All information contained in those articles about those plaintiffs was already available in the complaint filed in that case. Exhibit 2 is an article originally published on August 3, 2021, and it also discloses information about the *Health Freedom* plaintiffs that is also found in the Complaint in that case.

3

its order denying Plaintiff's motion. Thus, this Court will not consider these exhibits on reconsideration.

> C. *Factor 3: "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity"*

With respect to the public interest, Plaintiff points out that other courts have recognized that the controversy "surrounding COVID-19 mandates and policies" are "a factor in justifying pseudonyms in cases related to COVID-19 policies." Pl.'s Br. (ECF No. 32) at 3. Specifically, Plaintiff points this Court once again to *Doe v. Mills*, 1:21-cv-00242-JDL (D. Me. Sep. 2, 2021).[2] However, Plaintiff cited to this case in his original motion. Therefore, this is not new information to this Court and not a basis to reconsider this factor.

> D. *Factor 5: "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified"*

---

*See* Exhibit 2 (ECF No. 32-2). Finally, Exhibit 4 is a tweet from August 2021 directed at one of those plaintiffs. See Exhibit 4 (ECF No. 32-4). Upon review of these exhibits, it is unclear how they substantiate any claim by Plaintiff that revealing his identity would subject him to severe harm.

[2] In that case, a District Court concluded that the plaintiffs, who were health care workers objecting to a vaccine mandate, could proceed utilizing pseudonyms at the preliminary injunction stage.

> After considering the *Megless* factors in conjunction with the limited record available at this point, as well as the Defendants' failure to object to the Plaintiffs proceeding pseudonymously, I conclude that the Plaintiffs have a reasonable fear of harm that outweighs the public's interest in open litigation at this preliminary stage. In arriving at this conclusion, I take judicial notice of the substantial public controversy currently surrounding public and private mandates requiring individuals to be vaccinated for the COVID-19 coronavirus or to provide proof of vaccination status. Fed. R. Evid. 201(b)(1). Thus, the Plaintiffs will be permitted to proceed under pseudonyms. However, the Court reserves the authority to revisit this issue should the case proceed past the preliminary-injunction stage.

*Does 1-6 v. Mills*, No. 1:21-CV-00242-JDL, 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021). The instant matter is clearly distinguishable as Defendants here have objected and that case involved employees concerned about their jobs.

With respect to whether Plaintiff would abandon his lawsuit, Plaintiff points out that he "regrets that he did not address this topic in his original motion." Pl.'s Br. (ECF No. 32) at 3. He then states that he "has not made a final decision" about whether he would abandon this lawsuit if he had to reveal his identity. *Id*. at 4. Once again, this argument does not provide proper grounds for reconsideration.

Upon review of the four factors Plaintiff has asked this Court to reconsider, this Court concludes that Plaintiff has not presented this Court with either new evidence that was not previously available to him or any information that would correct an error of fact or law that would prevent a manifest injustice. A motion for reconsideration is not grounds to merely "attempt to convince the court to rethink a decision it has already made." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Plaintiff's motion does nothing more than this. Accordingly, Plaintiff's motion for reconsideration is denied.

Accordingly, the following Order is entered:

AND NOW, this 25th day of May, 2022, Plaintiff's motion for reconsideration (ECF No. 32) is **DENIED**.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge