IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) 2:22-CV-00402-WSS-CRE |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPT. OF TRANSPORTATION, PETER P. BUTTIGIEG, U.S. DEPT. OF TRANSPORTATION; BLANE A. WORKIE, U.S. DEPT. OF TRANSPORTATION; CENTERS FOR DISEASE CONTROL & PREVENTION, ROCHELLE WALENSKY, CDC; UNITED STATES DEPT. OF HEALTH & HUMAN SERVICES, XAVIER BECERRA, U.S. DEPT. OF HHS; | ) |
| Defendants, | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   Background**

On March 4, 2022, *pro se* Plaintiff initiated a Complaint under the pseudonym "John Doe" against Defendants Xavier Becerra, Peter P. Buttigieg, Centers for Disease Control & Prevention, the United States Department of Health & Human Services, the United States Department of Transportation, Rochelle Walensky, and Blane A. Workey. (ECF No. 1). In the Complaint, "Plaintiff challenges the lawfulness of Defendants' mandate requiring people to wear masks while on commercial airlines, conveyances, and at transportation hubs with extremely limited and conditional exceptions for persons with disabilities (the "mask mandate")[.]" Compl. (ECF No. 1) at 1 (footnotes omitted). Plaintiff seeks injunctive and declaratory relief for Defendants' purported violation of the Air Carrier Access Act, 49 U.S.C. § 41705.

1

Presently before this Court is Plaintiff's motion to dismiss and seal this case. (ECF No. 39). Defendants have filed a brief in response. (ECF No. 41). For the reasons discussed below, this Court denies Plaintiff's motion to seal and orders the Clerk of Courts to treat this motion as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## II.      Discussion

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing … before the opposing party serves [] an answer." The Rule further provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. Rule Civ. Pro. 41(a)(1)(B). Here, Plaintiff has filed with this Court a motion to dismiss voluntarily this case. (ECF No. 39). Moreover, Defendants, citing Federal Rule of Civil Procedure 41(a)(1)(A), do not oppose it. (ECF No. 41). Accordingly, no action from this Court is required for this case to be dismissed.

In addition to seeking a voluntary dismissal, Plaintiff has requested this Court "seal and/or redact his personally identifiable information." Pl.'s Motion (ECF No. 39) at 1. As the parties have noted, this Court has already denied Plaintiff's motion to proceed under a pseudonym and denied a motion for reconsideration of that order. (ECF Nos. 28, 37). Thus, this Court has already ruled twice on Plaintiff's request to redact personal information.

"There is a presumption of access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir.2001)." *Hart v. Tannery*, 461 F. App'x 79, 81 (3d Cir. 2012). "A party seeking to seal a portion of the judicial record bears the burden of demonstrating that 'disclosure will work a clearly defined and serious injury to the party seeking disclosure,'" *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir.1994), and, further, that '[a] party who seeks to seal an *entire record* faces an even heavier burden.' *Id*. (emphasis in original)." *Id*.

Here, Plaintiff does not assert that he would suffer any injury,[1] but rather claims that "[b]ecause this case never moved beyond the pre-trial phase, and Defendants never filed an answer to the complaint,[2] the public will not be prejudiced by the sealing/redaction of this information." Pl.'s Motion (ECF No. 40) at 1. "These allegations do not meet the heavy burden of overcoming the presumption of access to judicial records. *See Cendant Corp.*, 260 F.3d at 194 (for 'the party seeking the closure of a hearing or the sealing of part of the judicial record[,] ... [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient')." *Hart*, 461 F. App'x at 81-82. Accordingly, Plaintiff's motion to seal the record is denied.

### III. Conclusion

Based on the foregoing, the Clerk of Courts shall treat the motion to dismiss filed by Plaintiff as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and the Clerk of Court shall mark the case dismissed without prejudice. In addition, Plaintiff's motion to seal the record or redact personal information is DENIED.

DATED this 7th day of June, 2022.

BY THE COURT:
s/Cynthia Reed Eddy
Chief United States Magistrate Judge

---

[1] Arguably, Plaintiff asserted bases upon which he would be injured in his Motion to Proceed Under a Pseudonym (ECF No. 2) and Motion for Reconsideration of this Court's order denying the Motion to Proceed Under a Pseudonym. (ECF No. 32). This Court thoroughly considered all of this information in its orders denying both. (ECF Nos. 28, 37).

[2] One of the reasons Defendants have not yet filed an Answer to the Complaint is because Plaintiff did not comply with this Court's order, where Plaintiff was ordered to file an Amended Complaint after this Court denied Plaintiff's request to proceed under a pseudonym. (ECF Nos. 28, 37). Should Plaintiff choose to continue to pursue this litigation in any manner, he will be required to comply with this Court's order.

cc:     JOHN DOE
        724 Brady Avenue
        Unit A
        Stuebenville, OH 43952
        (via U.S. First Class mail)

        Ryan J. Wilk, Esq.
        DOJ-USAO
        (via ECF)